United States District Court
Southern District of Texas
**ENTERED**
February 26, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Floyd Irvin Sanders Jr., | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action H-25-5407 |
| | § | |
| Phillip Cash, et al., | § | |
| *Defendants.* | § | |

**MEMORANDUM AND RECOMMENDATION**

The court *sua sponte* recommends this case be **DISMISSED with PREJUDICE** for failure to prosecute.

### 1. Background

This case was set for an initial conference to be held on February 12, 2026. ECF No. 4. Notice of the hearing was mailed to the physical address that Plaintiff gave when he filed this lawsuit. Plaintiff did not appear at the initial conference. *See* Docket Entry dated 2/12/2026.

The court then set a hearing for the Plaintiff to appear and show cause why his case should not be dismissed for want of prosecution. The order included a warning: "***Failure to appear will result in a recommendation that this case be dismissed with prejudice for failure to prosecute.***" ECF No. 6 (emphasis in original). The order was docketed on the court's CM/ECF system. The hearing was held, and Plaintiff failed to appear. The court also notes that no defendant has been served, even though the case has now been pending for over three months.

### 2. Legal Standard and Analysis

Rule Federal Rule of Civil Procedure 41(b) permits involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order[.]" "It is

well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion." *Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) (clarifying that the court's power to dismiss does not extend to failure to comply with a local rule). The court's decision to dismiss under Rule 41(b) may only be reviewed for abuse of discretion. *Id.* at 801.

Rule 41(b) dismissal with prejudice is "a severe sanction" that requires (1) "a clear record of delay or contumacious conduct by the plaintiff[;]" and (2) an express finding that "lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Campbell*, 988 F.3d at 801–02 (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)). In most cases, the Fifth Circuit also requires proof of at least one of the following aggravating factors: (1) the delay was caused by the plaintiff and not the plaintiff's attorney; (2) the defendant was prejudiced by the delay; or (3) the delay can be characterized as intentional. *Id.* at 802 (quoting *Berry*, 975 F.2d at 1191).

### 3. Analysis

#### A. Clear Record of Delay

Plaintiff is appearing pro se, so he is responsible for all efforts to prosecute this case. Plaintiff has failed to appear at two separate court settings. Other than initiating this lawsuit and requesting to proceed *in forma pauperis*, Plaintiff has done nothing on the case. Plaintiff has not contacted the court to provide an updated address. A copy of the noticing report from the clerk's office shows the original order setting the initial conference, the notice of resetting, and the show cause order were all sent to the Plaintiff's mailing address. *See* Court's Exhibit 1. These facts show a clear record of delay.

2

### *B. Futility of Lesser Sanctions*

The court set a show cause hearing and warned Plaintiff that dismissal would result if he missed the final hearing. Plaintiff is proceeding pro se, so a financial sanction would likely be futile.There appears to be nothing the court can do to get the Plaintiff's attention on this case. There are no other steps the court can take that will prompt Plaintiff to participate. Lesser sanctions would be futile.

### *C. Aggravating Factors*

Plaintiff does not have a lawyer, so any delay can only be attributed to him. The delay in this case can only be characterized as intentional. Plaintiff has failed to appear for two court-ordered hearings and has made no attempt to communicate with the court or serve defendants.

### *4. Conclusion*

The court recommends that this case be **DISMISSED with PREJUDICE** for failure to prosecute.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal

conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on February 26, 2026.

_____
Peter Bray
United States Magistrate Judge

4